**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES E. JUSTICE II; PATRICIA G.
JUSTICE,

        Plaintiffs - Appellants,

v.

STATE OF OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES CHILD WELFARE;
DENISE WADE; KAREN LEWIS,
Child Welfare Social Worker; LANA
JONES, Supervisor Child Welfare;
MIKE JACKSON, County Director of
Muskogee DHS,

        Defendants - Appellees.

No. 04-7067
(D.C. No. CIV-04-183-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, LUCERO, and O'BRIEN**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Oklahoma Residents and Cherokee Nation members James and Patricia Justice appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 action against Oklahoma Child Welfare authorities. Alleging violations of the Indian Self-Determination and Education Act, 25 U.S.C. § 450 ("ISDEA") and Indian Health Care Improvement Act, 25 U.S.C. §§ 1601-1680 ("IHCIA"), the Justices assert that Oklahoma Department of Human Services ("DHS") social worker Denise Wade did not alert the Cherokee Nation that their child was in the hospital, that DHS child welfare supervisor Lana Jones allowed dirty toys and an exposed nail in a children's waiting room, and that DHS social worker Karen Lewis "denied [their] right to give [their child] 3 Playtex baby bottles to reduce colic/gas." The district court concluded that the Justices' claims against DHS were barred by Eleventh Amendment immunity, and that their claims against the named individuals did not allege violations cognizable under § 1983. For substantially the same reasons as the district court, we **AFFIRM**.

We address the issue of sovereign immunity as a preliminary matter. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (immunity is a "threshold" question). The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. This provision "precludes not only actions in

2

which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury." Graham v. National Collegiate Athletic Ass'n, 804 F.2d 953, 959 (6th Cir. 1986) (citing Edelman v. Jordan, 415 U.S. 651 (1974)). A state agency is presumptively immune from § 1983 damages actions unless Congress abrogates, or the State expressly waives, immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).

In the present case, the Justices attempt to sue DHS, an agency of the State of Oklahoma, directly for the recovery of compensatory and punitive damages. This action is clearly precluded. Congress has not abrogated Oklahoma's Eleventh Amendment immunity and Oklahoma has not expressly waived its right to sovereign immunity.

The Eleventh Amendment does not per se prevent plaintiffs from bringing suits against state officials in their individual or personal capacities. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Karen Lewis is nonetheless protected by qualified immunity. A state officer is protected by qualified immunity unless she is violating a clearly established constitutional right, "the contours" of which "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Peterson v. Jensen, 371 F.3d 1199, 1202 (10th Cir. 2004). A reasonable official might well decide against giving three bottles to an

3

ailing baby without suspecting that any Constitutional right was implicated. Furthermore, Harlow v. Fitzgerald, 457 U.S. 800 (1982), permitted the pre-discovery dismissal of claims barred by qualified immunity in order to avoid the "expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." Id. at 814.

Although it is unclear under which rule the district court based its dismissal of the Justices' complaint, it did so properly. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (appellate court is free to affirm a district court decision on any grounds supported by the record). A district court may always dismiss a claim sua sponte under Fed. R. Civ. Proc. 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991) (internal citations omitted). Thus, if the Justices' complaint failed to state a claim, as is the case, the district court did not err in dismissing it sua sponte.

We must construe the pleadings before us liberally because plaintiffs are representing themselves, Haines v. Kerner, 404 U.S. 519, 520 (1972), but we need not search for causes of action in the sea of factual allegations, thereby becoming the Justices' advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

4

1991).  ISDEA and IHCIA are directed only at federal agencies and federal health services, not at the states.  The instant action involves only state defendants. There is no allegation that defendants are involved in the provision of Indian health services as distinct from general public health services.  Although Lana Jones likely had a responsibility to keep hazards in the waiting room under control, § 1983 does not impose liability "for violations of duties of care arising out of tort law," Baker v. McCollan, 443 U.S. 137, 146 (1979).  In any event, the Justices have shown no injury.

Because DHS is protected by 11th Amendment immunity, because Karen Lewis is protected by qualified immunity, and because the Justices did not state a cognizable claim against Denise Wade or Lana Jones, we **AFFIRM** dismissal of the Justices' action against all parties.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge