(180 P.3d 1094)
No. 97,653

AUGUST R. DROGE, *Appellant,* v. STEVEN R. REMPEL, *Appellee.*

Opinion filed April 18, 2008.

*August R. Droge,* appellant pro se.

*Steve Phillips,* assistant attorney general, and *Paul J. Morrison,* attorney general, for appellee.

Before MCANANY, P.J., CAPLINGER and BUSER, JJ.

BUSER, J.: August R. Droge appeals the dismissal of his pro se petition for damages. Droge, an inmate in state custody, asserts that Steven R. Rempel, a complaining witness at Droge's criminal trial, testified in conflict with earlier statements Rempel made to the police. We conclude that Droge's civil cause of action is for perjury. Because there is no civil cause of action for perjury in Kansas, we affirm the district court's dismissal of Droge's petition.

### Factual and Procedural Background

On May 25, 2005, Droge was convicted of two counts of aggravated burglary, criminal damage to property, theft, and criminal restraint. See *State v. Droge,* No. 95,429, unpublished opinion filed June 1, 2007, *rev. denied* 285 Kan. 1175 (2007). Almost 1 year later, on May 5, 2006, Droge filed a civil lawsuit in Harvey County District Court against Rempel, the victim of Droge's crimes.

The petition was three sentences long. Droge alleged that Rempel's testimony against him at the criminal trial "deviated materially from his reports to police and substantially influenced the jury's finding of guilty on all counts." Droge also alleged that, as a result, he "was incarcerated with a 44 month sentence resulting in loss of personal freedom, loss of income, psychological distress, and physical endangerment." Droge prayed for judgment against Rempel and $400,000 in damages plus costs and interest.

Rempel moved to dismiss the petition under K.S.A. 60-212(b)(6) for failure to state a claim upon which relief can be granted. Characterizing Droge's cause of action as an attempt "to assert a defamation suit," Rempel contended that trial witnesses have absolute immunity from tort actions.

Droge responded with a memorandum describing his efforts to obtain "a legal remedy in my allegation that [Rempel] gave false testimony." Droge stated that he first complained to the county attorney and the attorney general, but that neither initiated an investigation. Droge also detailed Rempel's allegedly false testimony: "After reviewing police reports I noted that [Rempel] reported there were no lights on during the alleged aggravated burglaries. . . . However, in court . . . Rempel testified that there was light, the bathroom light, by which he could describe the intruder's build, color and type of clothing, and hair texture." Droge concluded that "[b]ased on the above, I sought legal remedy through a civil action."

Droge later filed written objections to a proposed journal entry. In this pleading, Droge discussed "his unsuccessful efforts to find a legal remedy through the . . . County Attorney's office and the Kansas Attorney General's office." As a result, Droge claimed he sought "a remedy through the present civil action."

The record also contains a motion for a transcript of Rempel's trial testimony. Droge filed this motion in his criminal case and in the civil action. Droge again alleged a discrepancy between Rempel's sworn testimony and his statements to the police concerning the lights. Droge sought the trial transcript in order to pursue a civil action against Rempel on "an allegation of perjury which may, in turn, lead to a determination of perjury under K.S.A. 21-3805."

Following a hearing on Rempel's motion, the district court dismissed Droge's petition with prejudice. There is no transcript of this hearing in the record on appeal.

The district court agreed with Rempel that Droge "attempts to assert a defamation suit." Based on this understanding of Droge's cause of action, the district court reasoned:

"A convicted criminal may not assert a defamation suit against a witness at the criminal trial for that witness' testimony unless and until the conviction has been reversed in post-conviction relief, with a finding that the testimony was false. Because Droge's conviction has not been reversed, Rempel is entitled to absolute immunity and this case must be dismissed."

Droge appeals.

### *Whether a Claim of Perjury States a Claim Upon Which Relief Can Be Granted*

Although the district court did not explicitly hold that Droge had failed to state a claim upon which relief can be granted, Rempel's motion was based on K.S.A. 60-212(b)(6), and we understand the district court to have granted the motion on that basis. See *Cross v. City of Kansas City*, 230 Kan. 545, 549, 638 P.2d 933 (1982) (the immunity defense has traditionally been raised as a failure to state a claim). Accordingly, we apply the standard of review for appeals from such dismissals. See *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (considering qualified immunity on a motion to dismiss "subjects the defendant to a more challenging standard of review than would apply on summary judgment"); *ARY Jewelers v. Krigel*, 277 Kan. 27, 38, 82 P.3d 460 (2003) (contrasting the standards applied to motions to dismiss and motions for summary judgment).

"Upon appellate review of a district court's order granting a motion to dismiss for failure to state a claim, an appellate court is required to assume that the facts alleged by the plaintiffs are true, along with any inferences reasonable to be drawn therefrom. The court must also decide whether those facts and inferences state a claim on the theories presented by the plaintiffs and also on any other possible theory." *McCormick v. Board of Shawnee County Comm'rs*, 272 Kan. 627, Syl. ¶ 1, 35 P.3d 815 (2001), *cert. denied* 537 U.S. 841 (2002).

We first undertake to determine the theory of Droge's cause of action. The petition merely alleged an inconsistency between Rempel's trial testimony and his statements to the police. The alleged inconsistency was not specified, and no intent or motive was imputed to Rempel.

Even under the liberal construction afforded pro se pleadings, *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004), Droge's petition did not state a claim. Testimonial inconsistencies are not uncommon at trials. Although Droge claimed Rempel was thereby liable, we are not required to accept conclusory allegations on the legal effects of events if these allegations do not reasonably follow from the description of what happened. *Grindstead Products, Inc. v. Kansas Corporation Comm'n*, 262 Kan. 294, 303, 937 P.2d 1 (1997).

Looking beyond the petition for the sole purpose of identifying Droge's theory, we conclude he intended to plead a cause of action for perjury. In both his memorandum and his written objections to the journal entry, Droge referred to false testimony and unsuccessful contacts with the county attorney and attorney general. In both instances he said the present litigation was an attempt to gain the same remedy through a civil action. Droge directly referred to perjury and the perjury statute in his motion for new transcripts. Finally, on appeal, Droge argues that cases cited by the State below "do not address testimony at criminal trial which [Droge] alleges is perjured."

Given that Droge intended to plead perjury as the basis for his cause of action, he did not state a valid claim under Kansas law. "Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability. [Citation omitted.]" *Pullen v. West*, 278 Kan. 183, 199, 92 P.3d 584 (2004). The Kansas perjury statute provides only criminal penalties. See K.S.A. 21-3805(b). Accordingly, there is "no civil cause of action . . . for perjury." *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, Syl. ¶ 7, 626 P.2d 214 (1981).

Most courts reason that the "remedy for perjury is criminal punishment or an action to set aside the judgment rather than a civil action for damages." 5 Kan. App. 2d at 805; see also *Koplin v. Rosel*

*Well Perforators, Inc.*, 241 Kan. 206, 214-15, 734 P.2d 1177 (1987) ("the policy behind the general rule and doctrine recognized in *Hokanson* is sound"). In an analogous case, *State ex rel. Rome v. Fountain*, 234 Kan. 943, 678 P.2d 146 (1984), the complaining witness in a perjury prosecution was not permitted to appeal the dismissal of the criminal complaint. "[T]he philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor. [Citations omitted.]" 234 Kan. at 945. In the present case, absent a civil cause of action for perjury in Kansas, Droge could not take up the cause when the county attorney and attorney general declined to prosecute Rempel. See K.S.A. 21-3103 (preserving "any civil right or remedy, *authorized by law to be enforced in a civil action*, based on conduct which this [criminal] code makes punishable." [Emphasis added.]).

Finally, we discern no other possible theory of recovery. Based on the record before us, Droge did not plead defamation. "The elements of defamation include false and defamatory words, communicated to a third person, which results in harm to the reputation of the person defamed." *Hall v. Kansas Farm Bureau*, 274 Kan. 263, Syl. ¶ 4, 50 P.3d 495 (2002). Droge never claimed harm to his reputation. "[I]n this state, damage to one's reputation is the essence and gravamen of an action for defamation." *Gobin v. Globe Publishing Co.*, 232 Kan. 1, 6, 649 P.2d 1239 (1982). If defamation was somehow asserted at the hearing on Rempel's motion to dismiss, Droge's failure to designate that transcript is fatal to his claim of error. See *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 777, 27 P.3d 1 (2001).

Because Droge does not plead defamation, we do not reach the question of Rempel's immunity from such a cause of action. "The general rule is that an appellate court does not decide moot questions or render advisory opinions." *Smith v. Martens*, 279 Kan. 242, Syl. ¶ 1, 106 P.3d 28 (2005).

We hold the district court did not err in dismissing Droge's cause of action. Although the district court may have relied on the wrong ground for its decision, we uphold its ruling because the court

reached the correct result. See *In re Marriage of Bradley*, 282 Kan. 1, 8, 137 P.3d 1030 (2006).

Affirmed.