**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM WESLEY CHOATE, P.E.;
WESLEY HOUSE IRREVOCABLE
TRUST,

      Plaintiffs-Appellants,

v.

ROY EDWARD LEMMINGS,
individually, STEVE SAXON,
individually; BRYANT BAKER,
individually; TROY DONER,
individually; OFFICE OF THE
STATE FIRE MARSHAL, the State of
Oklahoma (ex rel.); ANGELA
DEGRAFFENREID, individually;
OFFICE OF CODE ENFORCEMENT,
the City of Seminole, Oklahoma
(ex rel.),

      Defendants-Appellees.

Nos. 07-7099, 07-7100 & 08-7010
(D.C. No. 6:07-CV-00206-JHP)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff William Wesley Choate, appearing pro se, appeals the district court's denial of injunctive relief and its ultimate dismissal of this 42 U.S.C. § 1983 action against the City of Seminole, the State of Oklahoma, and several individual defendants. Choate claims the defendants violated a multitude of his constitutional rights when they demolished a building that he owned in Seminole and then issued an abatement order with respect to the demolition site. Exercising our jurisdiction under 28 U.S.C. § 1291, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

I.

A.    *Underlying Dispute and the Fire*

In 2005, Choate purchased an old church building located at 401 N. Second Street in Seminole, Oklahoma. At the time, the building had been condemned by the city and bore a warning sign indicating that it was in violation of the city's Housing Code and had been determined to be unsafe. After buying the building, Choate argued with the city's Office of Code Enforcement ("OCE") concerning its postings of code violations and designation of the property as a public nuisance. At the same time, he was locked in a dispute with Angela DeGraffenreid, an employee of the Oklahoma Gas and Electric Company ("OG&E"), over her refusal to authorize permanent electrical service to the building absent a certificate of inspection for code compliance.

Meanwhile, on January 7, 2007, much of the building was destroyed in a fire caused by arson. After the fire, the Seminole Fire Department Chief, Roy Edward Lemmings, and his deputy, Bryant Baker, determined that the building's remains were hazardous to the public. After consulting with the State Fire Marshal, they hired Troy Doner, an independent contractor, to raze the structure completely, which Doner did on January 8. Thereafter, City Manager Steve Saxon issued an abatement order declaring the building's remains a public nuisance. Choate objected to the order and demanded an administrative hearing, which was held on April 23. When the order was upheld, he appealed the matter further to the Seminole City Council, which, after a special public hearing, also voted to uphold the order. Having exhausted his administrative remedies, Choate then filed this lawsuit seeking injunctive relief and damages.

In a verified complaint dated July 3, 2007, Choate alleged that Lemmings, Baker, Doner, Saxon, and DeGraffenreid unconstitutionally deprived him of the use of his property in violation of 42 U.S.C. § 1983.[1] He also brought claims against the State of Oklahoma and the City of Seminole challenging the constitutionality of certain state statutes. After denying a motion for preliminary injunction filed by Choate, the district court granted several motions to dismiss

_____

[1]     Choate also brought claims under 42 U.S.C. §§ 1985 & 1995 and 18 U.S.C. §§ 241 & 247, but even construing his pro se brief liberally, he does not appear to pursue those claims on appeal. Accordingly, we will not address them. *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1225 n.1 (10th Cir. 2007).

filed by the defendants, ultimately terminating the case in January 2008.

Choate's various appeals, which we consolidated for procedural purposes, are

summarized below.

> B.    *Orders Appealed*
>
>    i. *Denial of Preliminary Injunction (07-7100)*

At the same time he filed his complaint, Choate filed a motion for a

preliminary injunction seeking a stay of the city's abatement order.  He argued

that disturbing the site of his former building would frustrate the criminal

investigation of the arson and prevent him from calculating his own losses.  The

district court held a hearing on the motion on August 8, 2007.

On September 4, a magistrate judge issued a Report and Recommendation

addressing each of the preliminary injunction factors and recommending that

Choate's motion be denied.[2]  First, he concluded that Choate had failed to

demonstrate a likelihood of success as to any of his constitutional claims.  With

respect to any First Amendment claim that could be inferred from the complaint,

the magistrate found nothing to indicate that any of the defendants' actions were

---

[2]    "To obtain a preliminary injunction, the movant must show:  (1) a
substantial likelihood of success on the merits; (2) irreparable harm to the movant
if the injunction is denied; (3) the threatened injury outweighs the harm that the
preliminary injunction may cause the opposing party; and (4) the injunction, if
issued, will not adversely affect the public interest."  *General Motors*, 500 F.3d
1222, 1226 (10th Cir. 2007).

motivated by religious animus.[3]  He concluded that Choate's Fourteenth

Amendment procedural due process claim would likely fail because it was clear

that Choate had availed himself of significant process in resisting the abatement

order.  The magistrate also concluded that Choate was unlikely to prevail on his

substantive due process claim because there was nothing to indicate that the

relevant nuisance laws had been applied in a deliberately arbitrary manner.

Finally, he concluded that the city's enforcement of its nuisance laws did not give

rise to a claim under the Fifth Amendment's Takings Clause.

At the irreparable harm prong of the analysis the magistrate found there had

been no showing that monetary damages would be inadequate to compensate

Choate for his alleged injuries.  He further held that Choate had been given ample

time to do whatever he wished with the property and that it was unnecessary to

preserve the debris because the arson investigation was complete.  Finally, he

held that in addition to the above factors, public safety concerns tipped in favor of

the city's right to enforce the abatement order.

On October 17, over Choate's objections, the district court issued an order

affirming and adopting the Report and Recommendation and denying injunctive

relief.  Choate's appeal of that order is case no. 07-7100.[4]

---

[3]  The complaint included a number of vague references to Choate's use of the building for religious purposes.

[4]  The district court's denial of preliminary injunctive relief was an

(continued...)

*ii. Dismissal of Lemmings, Baker, and Saxon (07-7099)*

On November 8, 2007, the district court issued an order granting motions to dismiss filed by Lemmings, Baker, and Saxon on the grounds of qualified immunity.[5] After discussing the requirements of a qualified immunity defense, the court concluded that Lemmings and Baker exercised discretion in determining that Choate's building posed a danger to the public and had to be demolished. Likewise, it found that Saxon exercised discretion in declaring the site a public nuisance and issuing the abatement order. And it concluded that those actions did not deprive Choate of his property without due process. The court acknowledged that "'due process ordinarily requires an opportunity for "some kind of hearing" prior to the deprivation of a significant property interest.'" Aplt. App., doc. 20 at 5 (quoting *Hodel v. Va. Surface Mining and Recl. Ass'n*, 452 U.S. 264, 299

[4](...continued)
appealable interlocutory order under 28 U.S.C. § 1292(a)(1). It was not briefed as such, however, because the district court promptly resolved all claims against all parties. Therefore, we treat this part of the appeal as though it were from a denial of a permanent injunction.

[5] Earlier, on October 17, the court had granted separate motions filed by Doner and the State of Oklahoma. Choate did not file notices of appeal as to those orders, as was his practice with the other defendants. Nonetheless, we will treat his docketing statement, which lists 10/17/07 among the dates of the orders appealed from, as the functional equivalent of a notice of appeal concerning the dismissals of Doner and the State. *See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 (10th Cir. 2008) (noting that we may, in limited circumstances, treat a pro se litigant's docketing statement as a notice of appeal). We affirm the district court's grant of the State's motion for substantially the same reasons articulated in its order dated October 17, 2007 (district court doc. 83). And we affirm its dismissal of Doner for reasons explained below.

-6-

(1981)).  But it pointed out that a pre-deprivation hearing is not always required,

particularly "where the state is confronted with an emergency."  *Id*. (citing *Hodel*,

452 U.S. at 299-300).  The district court thus concluded,

> [b]ecause clear precedent exists allowing the deprivation of property
> interests without a hearing in emergency situations, it is impossible
> to say that Baker, Lemmings, and Saxon were objectively
> unreasonable in believing that their actions were not in violation of
> any clearly established constitutional rights.

*Id*.  The court's decision to grant qualified immunity to the city officials is the

subject of Choate's appeal in case no. 07-7099.

### iii.  *Dismissal of OCE and DeGraffenreid (08-7010)*

On January 14, 2008, the district court issued orders granting motions to

dismiss filed by the two remaining defendants, OCE and DeGraffenreid.  It held

that Choate failed to state a claim against OCE, explaining that under *Monell v.*

*Department of Social Services,* 436 U.S. 658, 691 (1978), a § 1983 claim against

a municipal entity cannot be predicated upon respondeat superior liability.  The

court explained that to prevail over OCE, Choate would have to "show 'that the

unconstitutional actions of an employee were representative of an official policy

or custom of the municipal institution, or were carried out by an official with

final policy-making authority with respect to the challenged action.'"  *Id.*, doc. 30

at 3 (quoting *Camfield v. Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001)).

In the district court's view, Choate's complaint challenged the actions of

individual OCE employees rather than any action taken by OCE as a municipal

-7-

entity.  Furthermore, it found his complaint was devoid of any allegations that those employees acted either pursuant to an official policy or with final policy-making authority.  Thus, it concluded Choate had no § 1983 claim.

The court rejected Choate's § 1983 claim against DeGraffenreid because it concluded that he failed to allege any state action on her part.

> Choate's contention is that because OG&E's refusal to provide him with service was motivated by unwillingness on OG&E's part to break the law, OG&E's refusal . . . amounts to state action.  Under Choate's theory of the law, any person choosing to comply with the law–rather tha[n] break it–is a state actor for purposes of § 1983.  That is simply not the case.

Aplt. App., doc. 29 at 3.  Choate appeals the dismissals of DeGraffenreid and OCE in case no. 08-7010.

## II.  Discussion

### A.  *Appellate Jurisdiction*

Because of the piecemeal fashion in which Choate initiated these appeals–filing at least one notice of appeal prematurely–we have an obligation to satisfy ourselves that we have jurisdiction.  *Weise v. Casper*, 507 F.3d 1260, 1263 n.2 (10th Cir. 2007).  Choate filed three notices of appeal in this action, two of them on November 13, 2007, before the district court issued its final order terminating the case.  Appellate jurisdiction was proper over his first appeal because it challenged the district court's denial of injunctive relief.  *See* 28 U.S.C. § 1292(a)(1).

His second notice of appeal challenged the district court's November 8, 2007, order dismissing Lemmings, Baker, and Saxon. That order was non-final, and therefore not appealable. 28 U.S.C. § 1291; *see Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) ("Aside from a few well-settled exceptions, federal appellate courts have jurisdiction solely over appeals from *final decisions*") (quotation omitted). We have held, however, that "[a]n otherwise nonfinal decision becomes final and appealable if the district court adjudicates all remaining claims against all remaining parties before the appellate court acts to dismiss the appeal on the merits for lack of jurisdiction." *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1295 (10th Cir. 2008) (quotation omitted). Here, the district court issued its final orders terminating the case on January 14, 2008, while Choate's appeal was pending in this court. Under *BNSF*, that order effectively ripened his premature notice of appeal. We therefore see no impediment to our jurisdiction. *See id.*

*B. Denial of Injunctive Relief (07-7100)*

We review the district court's denial of injunctive relief for abuse of discretion. *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1198 (10th Cir. 2000). "Under this standard, we accept the district court's factual findings unless they are clearly erroneous and review application of legal principals de novo." *Id.* (quotation omitted). Choate's preliminary injunction motion essentially sought to prevent the city from clearing his property of debris left from the fire and demolition. His arguments on appeal, as before the district court, are difficult to follow but he appears to argue primarily that any clean-up would destroy evidence and hinder his ability to calculate his damages for purposes of this lawsuit. After a hearing, the district court rejected these arguments for reasons that we summarized above. Having reviewed the record, we see no error in the district court's factual findings or legal reasoning. We therefore affirm its denial of injunctive relief for substantially the same reasons set forth in the magistrate judge's Report and Recommendation, dated September 4, 2007, which was affirmed and adopted by the district court on October 17.

*C. Dismissal of Lemmings, Baker, and Saxon (07-7099)*

The district court dismissed Choate's claims against Lemmings, Baker, and Saxon under Rule 12(b)(6) because it held those defendants were entitled to qualified immunity. We review this decision de novo. *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). That the procedural posture of the

-10-

dismissal was under Rule 12 rather than Rule 56 is important because "[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson,* 371 F.3d at 1201. In *Peterson*, we explained that "[i]n reviewing a Rule 12(b)(6) motion in the context of qualified immunity, a district court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted). The standard for a Rule 12(b)(6) dismissal has changed somewhat since *Peterson*, for we now ask whether the specific allegations in the complaint "*plausibly support* a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (emphasis added). Under either standard, however, we conclude that Choate's complaint stated a § 1983 claim against Lemmings, and that the district court therefore erred in granting his motion to dismiss. For reasons explained below, we affirm the dismissals of Baker and Saxon.

Choate alleged that Lemmings violated his due process rights by ordering the demolition of his building immediately after the fire without notice. Lemmings does not dispute taking this action. But he argued in his motion to dismiss that he is entitled to qualified immunity under a long-standing rule that sanctions the deprivation of property without due process in the case of an emergency. *See Hodel*, 452 U.S. at 299-300 (setting forth the emergency

-11-

situation exception to the normal pre-deprivation notice and hearing requirements). The district court agreed with Lemmings. At the beginning of its analysis, however, it recognized that Choate had asserted a constitutional violation:

> The underlying constitutional claim asserted by Plaintiff as the basis for his §§ 1983, 1985 claims is an alleged deprivation of his right to 'use his property under the United States Constitution and its laws, without due process[.]'

Aplt. App., doc. 20 at 4 (quoting Compl. at 5). Nevertheless, the court went on to conclude that "[b]ecause clear precedent exists allowing the deprivation of property interests without a hearing in emergency situations, it is impossible to say that . . . Lemmings . . . [was] objectively unreasonable." *Id.* at 5.

We agree with the district court that under a certain set of facts Lemmings may have been justified in taking such summary action. As the Supreme Court remarked in *Hodel*, "deprivation of property to protect the public health and safety is one of the oldest examples of permissible summary action." 452 U.S. at 300 (quotation omitted). The problem with the district court's analysis is that it erroneously placed the burden on Choate to plead the absence of exigent circumstances, when the onus should have been on Lemmings to show the reasonableness of his belief that immediate demolition was necessary. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("[T]his Court has never indicated that

-12-

qualified immunity is relevant to the existence of plaintiff's cause of action; instead we have described it as a defense available to the official in question."). The Supreme Court made clear in *Gomez* that there is no basis for imposing on a § 1983 plaintiff the obligation to anticipate and plead around the qualified immunity defense. *See id.* More recently, in the wake of *Crawford-El v. Britton*, 523 U.S. 574 (1998), this court specifically rejected a heightened pleading standard for civil rights plaintiffs facing the immunity defense. *See Currier v. Doran*, 242 F.3d 905, 916-917 (10th Cir. 2001).

A § 1983 complaint needs but two allegations to state a cause of action: (1) that the plaintiff was deprived of a federal right; and (2) that the person who deprived him acted under color of state law. *Gomez*, 446 U.S. at 640. Moreover, these allegations need not be pled with specificity. All that is required are "sufficient facts, that when taken as true, provide plausible grounds that discovery will reveal evidence to support plaintiff's allegations." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). The district court must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See id.*

Viewed under these standards, Choate's complaint stated a § 1983 claim against Lemmings. He alleged that after the fire, his building was still standing and that "without notice to [him] . . . but for alleged safety concerns, Lemmings immediately procured its demolition . . . even of the parts not substantially

-13-

damaged by fire." Aplt. App., doc. 1 at 4. He also alleged that Lemmings "represented to [him] and others concerned that [he] was acting under color of law." *Id.* at 5. Crediting these allegations as true, and affording the complaint "the solicitous construction due a *pro se* filing," *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008), we can infer from these allegations that Lemmings, acting under color of law, ordered Choate's building to be demolished without notice or a hearing. We can even infer that he did so despite the lack of exigent circumstances, though we reiterate that the pleading rules did not require Choate to anticipate the immunity defense. *Crawford-El*, 523 U.S. at 595. It is clear from the district court's albeit short analysis that it rejected Choate's § 1983 claim against Lemmings because the complaint did not plead the absence of the "emergency situation" exception set forth in *Hodel*. Because Choate was not required to do so, we reverse the district court's November 8, 2007, order with respect to defendant Lemmings.

Turning to Baker and Saxon, the district court held that those defendants were also entitled to qualified immunity with respect to their roles in the demolition of Choate's building and subsequent abatement order. We need not delve into the qualified immunity analysis here, however, because we conclude that the complaint failed to state a claim as to these defendants. *See Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (noting our authority to affirm a dismissal on any legal ground supported by the record). As we noted earlier, a

-14-

§ 1983 plaintiff must allege facts that could plausibly support the claimed violation of a federal right. With respect to Baker and Saxon, Choate's complaint fails miserably. His minimal allegations against Saxon amount to nothing more than a charge that Saxon used the administrative process in an attempt to clear the property of debris. And aside from an incomprehensible paragraph concerning an alleged delay on the part of the fire department, the complaint does not even mention Baker. Thus, we conclude as a matter of law that the complaint failed to state a claim as to these defendants, and the district court properly dismissed the claims against them pursuant to Rule 12(b)(6). We reach the same conclusion with respect to defendant Doner. Choate's bare allegation that he was the individual who physically demolished the building is simply not sufficient to state a § 1983 claim.[6]

### D. Dismissals of DeGraffenreid and OCE (08-7010)

Finally, we address the dismissals of Angela DeGraffenreid and the Office of Code Enforcement. As we summarized above, the district court dismissed

---

[6] Choate's claim against Doner is not helped by his confusing allegation that

> Defendant Doner knew or should have known of the ordinary and customary practices of his trade as would protect private property rights, which duties and safeguards he flagrantly ignored or failed to employ when he undertook demolition work without validating questionable representations.

Aplt. App., doc. 1 at 6,

-15-

DeGraffenreid after concluding that Choate failed to allege state action on her part. It dismissed OCE because it found that Choate's allegations targeted only individuals, and the Supreme Court has held that a municipality cannot be liable under § 1983 on a respondeat superior theory for merely employing a tortfeasor. *Monell*, 436 U.S. at 691. Upon de novo review, we find no error in its orders dismissing these defendants under Rule 12(b)(6). We therefore affirm the district court's grant of DeGraffenreid's and OCE's motions to dismiss for substantially the same reasons stated in its January 14, 2008, orders.

## III. Conclusion

For the reasons stated above, in case 07-7100, we AFFIRM the district court's order denying injunctive relief. In case 07-7099, we AFFIRM the district court's dismissals of Baker, Saxon, Doner, and the State of Oklahoma, but we REVERSE the dismissal of Lemmings and REMAND that portion of the action for further proceedings. In case 08-7010, we AFFIRM the dismissals of DeGraffenreid and OCE.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-16-