**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SEAN McALLISTER,

        Plaintiff-Appellee,

v.

DETECTIVE MICHAEL S.
KELLOGG, in his individual and
official capacities,

        Defendant-Appellant

and

POLICE OFFICER MICHAEL
REIFSTECK, in his individual and
official capacities; POLICE OFFICER
ROBERT CASH, in his individual and
official capacities; and THE CITY
AND COUNTY OF DENVER, a
municipality,

        Defendants.

No. 15-1175

(D.C. No. 1:13-CV-02896-
CMA-MJW)

D. Colo.

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **PHILLIPS**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Detective Michael Kellogg appeals the district court's denial of his motion to dismiss based on qualified immunity. The district court's ruling is an appealable final decision for purposes of 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 535 (1985). We AFFIRM.

Sean McAllister was arrested for purportedly violating a protective order after an unintentional encounter with his stepdaughter. He was released within four to five hours of his arrest, and the charges were dismissed. McAllister filed a 42 U.S.C. § 1983 action against Kellogg, two other officers, and the City and County of Denver for false arrest and failure to train or supervise. The defendants moved to dismiss McAllister's second amended complaint under Federal Rule of Civil Procedure 12(b)(6). In a thorough written order, the district court dismissed all of McAllister's claims, except as to Kellogg. Kellogg now appeals the district court's denial of his qualified immunity defense.

We review a Rule 12(b)(6) dismissal de novo. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citation omitted). District courts may grant a motion to dismiss on the basis of qualified immunity, but "[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). "[I]t is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective

legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis in original).

After reviewing the briefs and the record, we adopt the reasoning set forth in the district court's order. The district court determined Kellogg was not entitled to qualified immunity at the motion to dismiss stage because McAllister adequately alleged Kellogg violated his clearly established constitutional rights by omitting a "clearly critical" fact in his arrest warrant affidavit. Accepting McAllister's well-pleaded facts as true, Kellogg's omission of a known fact that would have vitiated probable cause—namely that McAllister's stepdaughter was not a party to the protective order at the time of the encounter—is adequate to plead a constitutional violation. *See Bruning v. Pixler*, 949 F.2d 352, 357, n.4 (10th Cir. 1991) (citation omitted). And the law was clearly established on this point at the time of the alleged violation. *See, e.g.*, *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (citation omitted).

Accordingly, we AFFIRM for substantially the same reasons set forth in the district court's order.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

-3-