NOT DESIGNATED FOR PUBLICATION

No. 114,680

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN T. TUCKNESS,
*Appellant*,

v.

SHAWNEE COUNTY APPRAISER'S OFFICE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; FRANKLIN R. THEIS, judge. Opinion filed June 17, 2016. Affirmed.

*John T. Tuckness*, appellant pro se.

*Ashley R. Biegert*, assistant county counselor, *Richard V. Eckert*, county counselor, for appellee.

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Tuckness filed a "civil tort action" against the Shawnee County Appraiser's Office (Shawnee County) to collect damages caused by an alleged "unconstitutional tax, valor, or unconstitutional taking under the 5th Amendment to the U.S. Constitution." The trial court dismissed Tuckness' petition, and he now appeals that ruling.

This case begins with an order of the Court of Tax Appeals (COTA) covering tax years 2010 and 2011. In tax year 2010, Shawnee County assessed a value of $32,800 to Tuckness' property. This value was reached by considering the value of comparable

properties as well as an exterior inspection of the property. For tax year 2011, Shawnee County assessed a value of $32,300. Both of these values were lower than what Shawnee County's computer modeling indicated; the departure occurred because of the physical condition of the exterior of the property.

Tuckness appealed, claiming that significant fire damage, foundation issues, and the condition of the roof made the property worth only $20,000. Tuckness provided photographs of the interior of the property to demonstrate its condition. COTA agreed with Tuckness and lowered the value of the property for tax years 2010 and 2011 to $20,000. COTA issued its order on August 29, 2013.

Tuckness again challenged Shawnee County's valuation of his property for tax year 2014. Shawnee County again assessed a value of $30,300. After finding that Shawnee County failed to present evidence sufficient to support its valuation, COTA assessed a value of $20,000. This decision was certified on June 26, 2014.

In May 2015, Tuckness filed the petition which is the subject of this appeal. Although he captioned it as a civil action, Tuckness asked the trial court to hold Shawnee County liable for committing criminal fraud. Tuckness' primary issue seems to be his dissatisfaction with Shawnee County's failure to change tax rolls for tax years 2012 and 2013. Tuckness asked the trial court to "resolve the issue of the tax fraud in this matter" and to order Shawnee County to reimburse him for all "overpayments, fraud, and court costs, out of pocket expenses, filing fees, etc." from the date Tuckness first bought the property.

Shawnee County responded by moving to dismiss. It claimed that Tuckness had failed to state a claim upon which relief could be granted. Specifically, Shawnee County asked the trial court to dismiss the petition because Tuckness was attempting a criminal prosecution in a civil action. Shawnee County also urged the trial court to dismiss the

2

petition because Tuckness was asking the court to make changes to a property tax valuation, which may only be accomplished by COTA.

The trial court granted the motion to dismiss, finding that only the Shawnee County District Attorney was authorized to charge a criminal action and that Tuckness had failed to adequately plead civil fraud. The trial court also noted that it had no authority to review an order from COTA since Tuckness did not exhaust his administrative remedies.

*Were Tuckness' Claims Barred by K.S.A. 2013 Supp. 60-212(b)(6) Because They Failed to State a Claim Upon Which Relief Could Be Granted?*

Tuckness' first complaint on appeal is that the trial court misinterpreted his petition because he never intended to file a criminal prosecution but instead wanted to file a "civil action to recover damages" caused by Shawnee County. Tuckness believes that he has a "lawful right" to this civil action because of Shawnee County's "unconstitutional tax, valor, or unconstitutional taking under the 5th Amendment to the U.S. Constitution."

Whether a trial court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. An appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

The criminal statute that Tuckness relied on for his claim, K.S.A. 2013 Supp. 21-6004, does not account for civil liability, and none should be inferred. See *Droge v. Rempel*, 39 Kan. App. 2d 455, Syl. ¶ 2, 180 P.3d 1094 (2008) ("Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal

3

penalties but does not mention civil liability"). Moreover, a criminal prosecution is not a right afforded to private citizens. *State v. Rome*, 235 Kan. 642, 654, 685 P.2d 290 (1984).

Tuckness argues, for the first time on appeal, that he is only seeking civil relief from the trial court. He reminds this court that pro se pleadings must be liberally construed to read the content rather than the form or label of the pleading. He also provides caselaw to show that notice pleading is sufficient in a case involving "violations of constitutional rights."

Even if Tuckness' petition were to be read to infer that he intended to file a cause of action for fraud against the County, dismissal under K.S.A. 2013 Supp. 60-212(b)(6) would still be warranted. For example, Kansas caselaw has consistently demonstrated that the "statutory requirement to plead fraud with particularity is strictly enforced." *Newcastle Homes v. Thye*, 44 Kan. App. 2d 774, 788, 241 P.3d 988 (2010). The *Newcastle Homes* opinion explained that when pleading with particularity, the plaintiff must allege particular facts and circumstances that show fraud and that it is insufficient to make "conclusory statements that merely set forth the elements of fraud." 44 Kan. App. 2d at 789.

Even if we read Tuckness' petition liberally, as we should, it would be impossible to convert it to a civil action for tortious fraud simply because it does not have sufficient particularity to survive scrutiny. As a result, we determine that the trial court properly ruled that Tuckness was not entitled to relief in his quest to find Shawnee County guilty of committing fraud.

Tuckness' second complaint on appeal stems from Shawnee County's failure to change its tax rolls for the 2012 and 2013 tax years after COTA's decision for the 2010 and 2011 tax years was issued. Tuckness believes that Shawnee County erroneously failed to amend the assessed value on his property, despite COTA's decision covering tax

4

years 2010 and 2011. Tuckness construes Shawnee County's failure to make the adjustment as willful.

A review of the record on appeal and relevant statutory authority provides the resolution for this argument. Tuckness failed to timely pay his 2010 and 2011 taxes and, when he did pay, he filed a partial payment under protest. Filing under protest triggered the hearing process and Tuckness' access to administrative review. See K.S.A. 2013 Supp. 79-2005(a). But by the time his appeal was heard by COTA, it was already July 2013, and COTA's order was not issued until August 2013. When the order was entered, the county appraiser was statutorily required to certify the tax rolls by June 15, meaning the 2013 rolls had already been certified by the time COTA's order was issued. See K.S.A. 79-1466.

Additionally, K.S.A. 2013 Supp. 79-1460 prevented the county appraiser from amending the appraisal rolls after October 31. The order issued in August 2013 could be used to amend the 2013 tax rolls, but Shawnee County was prevented by statute from amending the 2010, 2011, or 2012 tax rolls.

Statutory application and Tuckness' delayed payment of his property taxes prevented Shawnee County from making changes to Tuckness' appraisal as quickly as he wanted. But it does not seem that any of Shawnee County's actions were "malicious and intentional," as Tuckness alleges. Rather, it seems that Shawnee County followed all applicable statutes when assessing the value of Tuckness' property. For that reason, Tuckness was not entitled to relief as a matter of law.

Affirmed.

5