**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARVIN B. DAVIS, JR.,

       Plaintiff-Appellant,

v.

LOUIS BRUCE, Warden, Hutchinson
Correctional Facility; PAUL WILSON,
CCI, Hutchinson Correctional Facility;
KATHRYN FIELDS, East Unit
Librarian, Hutchinson Correctional
Facility; A. (NMI) PEREZ, Unit Team
Manager, Hutchinson Correctional
Facility; KEITH ANDERSON, CCI,
Hutchinson Correctional Facility;
CHARLES SIMMONS, Secretary of
Corrections; B. BEACH, Central Unit
Librarian, Hutchinson Correctional
Facility; HUTCHINSON
CORRECTIONAL FACILITY;
JOHNNY DAVIS, Master Sergeant;
WILLIAM E. CUMMINGS, Inmate
and Staff Relations,

       Defendants-Appellees.

No. 04-3057
(D.C. No. 00-CV-3051-CM)
(D. Kan.)

**ORDER AND JUDGMENT**   *

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marvin B. Davis, Jr., an inmate proceeding pro se, appeals the district court's grant of judgment to defendants on his 42 U.S.C. § 1983 claims alleging denial of access to the courts and retaliation for exercising his right to petition the courts. We affirm in part and reverse and remand in part.

I

At the times relevant to this action, Mr. Davis was an inmate at the Hutchinson Correctional Facility (HCF). In late 1999, Mr. Davis wished to seek review of his criminal conviction from the Supreme Court of the United States. Because he was unable to find an example of a petition for a writ of certiorari in HCF's law library or obtain one from legal services, Mr. Davis drafted a motion for an extension of time to file his petition. The mailing of his motion was apparently delayed, as it was postmarked three days after he submitted it to the prison's mail system, and the Supreme Court refused it as being untimely.

Mr. Davis then filed this § 1983 action complaining about the adequacy of HCF's law library and certain actions of prison officials that allegedly caused him

to miss his filing deadline. He requested injunctive relief to improve the law library facilities at HCF, appointment of counsel for his legal matters, and damages. During the litigation, the district court joined two defendants who allegedly retaliated against Mr. Davis because he filed this action.

On March 24, 2003, the district court granted judgment under Federal Rule of Civil Procedure 12(b)(6) to defendants HCF, Louis Bruce, Paul Wilson, A. Perez, and Keith Anderson (the 2003 Order) on the ground that defendants were immune from suit by virtue of the Eleventh Amendment and the doctrine of qualified immunity. The 2003 Order, however, did not explicitly address the claims against another five defendants (Kathryn Fields, B. Beach, Charles Simmons, William Cummings, and Johnny Davis). In October 2004, this court issued an order questioning whether there was an appealable final judgment. On January 13, 2005, the district court granted judgment to the remaining defendants for the same reasons as articulated in the 2003 Order, and it dismissed the action in its entirety (the 2005 Order).

II

*Eleventh Amendment Immunity*

"We review de novo the district court's decision to dismiss this case on Eleventh Amendment grounds and for failure to state a claim." *Harris v. Owens*, 264 F.3d 1282, 1287 (10th Cir. 2001).

First, the district court held that HCF was immune to suit under the Eleventh Amendment and dismissed all claims against it. This determination was correct, as a state or a state agency is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The district court also applied the Eleventh Amendment to bar all claims against the individual defendants in their official capacities. Mr. Davis accurately argues on appeal that the Eleventh Amendment does not prevent suits against official-capacity defendants for injunctive relief. *See id.* at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). The district court, however, correctly found that Mr. Davis's requests for injunctive relief were moot in light of his transfer away from HCF. *See McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (stating that release from prison generally moots claims for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (indicating that the general rule applies in the case of a transfer between prisons). Consequently, the only relief available to Mr. Davis with regard to these claims would be money damages, which the Eleventh Amendment bars him from seeking from defendants in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

For these reasons, we affirm the district court's grant of judgment to HCF and to all individual defendants in their official capacities.

## *Qualified Immunity*

The district court held that defendants, in their individual capacities, were entitled to qualified immunity because Mr. Davis had failed to show that he was injured by the alleged inadequacies in the law library. Mr. Davis argues that the district court impermissibly resolved factual disputes in making its ruling. Like the Eleventh Amendment issues, we review de novo the district court's ruling on a Rule 12(b)(6) motion based on qualified immunity. *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004).

Our review does not indicate that the district court impermissibly resolved factual disputes or assumed facts not in favor of Mr. Davis, or that it relied on materials outside of the pleadings. [1] The undisputed facts, viewed in the light most favorable to Mr. Davis, do not indicate that the Supreme Court's dismissal of Mr. Davis's motion resulted from the inadequacy of HCF's law library or legal resources or any actions or inactions of the defendants. Thus, we affirm the district court's grant of judgment to Mr. Bruce, Mr. Wilson, Mr. Anderson, Mr. Perez, Ms. Fields, Ms. Beach, and Mr. Simmons on all claims against them in their individual capacities.

---

[1] In any event, there would be no error even if the district court effectively converted the Rule 12(b)(6) motion to a motion for summary judgment, as Mr. Davis was given the opportunity to submit his own additional materials, which he did. R. Docs. 104, 105 & Attachs.

*Retaliation Claims*

Mr. Davis also complains that the district court did not rule on his claims of retaliation for exercising his constitutional right of access to the courts. By order dated June 28, 2001, the district court allowed Mr. Davis to serve William Cummings and Johnny Davis as defendants in this action, based on Mr. Davis's assertions that they had retaliated against him for petitioning the courts. R. Doc. 64 at 3-4 (order allowing service); *see* R. Doc. 62 at 16-19 (Mr. Davis's allegations).

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* at 948.

The 2005 Order grants judgment to Ms. Fields, Mr. Simmons, Ms. Beach, Mr. Cummings, and Master Sergeant Davis "for the same reasons that the court granted Bruce, Wilson, Anderson, and Perez's motion to dismiss on March 24, 2003." 2005 Order at 5. Our review of the record, however, indicates that the 2003 Order addresses only Mr. Davis's claims of denial of access to the courts; it

does not discuss his claims of retaliation. [2] Also, the 2003 Order grants judgment to the defendants in their individual capacities based on qualified immunity, a circumstances-specific inquiry. *See Snell v. Tunnell*, 920 F.2d 673, 696 (10th Cir. 1990) (noting that qualified immunity is "fact-specific"). The qualified immunity analysis of the 2003 Order easily applies to Ms. Fields, Mr. Simmons, and Ms. Beach, as the allegations against them are the same denial of access allegations the district court addressed in the 2003 Order. It does not so easily apply to the retaliation allegations against Master Sergeant Davis and Mr. Cummings, which are based on different facts and legal theories.

On the record before us, then, it appears that the district court has not yet considered Mr. Davis's claims of retaliation. Consequently, without taking a position on the merits of these retaliation claims, we remand Mr. Davis's claims for damages against Mr. Cummings and Master Sergeant Davis in their individual capacities to the district court for its consideration in the first instance.

---

[2] A claim of retaliation technically is itself a claim alleging denial of the right of access to the courts, because retaliation hampers an inmate's ability to exercise his right of access. *See Smith*, 899 F.2d at 947-48 (citing precedent from other circuit courts). For ease of reference, however, here we shall refer to the "retaliation" claims as distinct from the "denial of access" claims.

*Remaining Issues*

We have reviewed all of Mr. Davis's remaining appellate issues.[3] We have found no abuses of discretion or other reversible error with regard to any of these issues, and the district court's decisions are affirmed.

### III

Mr. Davis's motion to proceed in forma pauperis is GRANTED. He is reminded that he must continue making partial payments until the entire appellate filing fee has been paid. All other pending motions are DENIED. The judgment of the district court is AFFIRMED IN PART and REVERSED and REMANDED IN PART for further proceedings. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[3] These claims challenge: the district court's denial of Mr. Davis's motions to supplement, his request for injunctive relief, and his request for default judgment; its grant of numerous extensions for defendants to file a *Martinez* report; its failure to allow Mr. Davis to correct any deficiencies in his pleadings before ruling against him; and its failure to certify this litigation as a class action. A purported twelfth issue, that defendants retaliated against Mr. Davis by "switch[ing] out affidavits, thus stealing them in violation of access to the courts," Aplt Br. at 10, is not further explained on appeal nor shown to have been presented in the district court. Thus, it is waived. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) (holding that argument is waived when appellant fails to make an argument or to cite any authority in support of a claim); *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (holding that this court generally will not consider an issue that was not before the trial court).