**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARVIN B. DAVIS, JR.,

Plaintiff-Appellant,

v.

JOHNNY DAVIS, Master Sergeant;
WILLIAM E. CUMMINGS, Inmate
and Staff Relations,

Defendants-Appellees.

No. 09-3382
(D.C. No. 5:00-CV-03051-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Plaintiff-appellant Marvin Davis, a Kansas state prisoner proceeding pro se,

appeals from a jury verdict in favor of defendant Johnny Davis on his claim of

retaliation in violation of the First Amendment. He also appeals from a district

court order dismissing numerous other claims before trial, including all of his

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims against William Cummings, and he contends that the district court compounded its errors in denying his motion for a new trial. Plaintiff seeks permission to proceed on appeal *in forma pauperis*, and he has also requested free copies of the transcripts of his two trials under 28 U.S.C. § 753(f). We think he has presented a reasoned, non-frivolous argument on appeal, and that he is therefore entitled to proceed *in forma pauperis*. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). To be entitled to a free transcript, however, a litigant must show, not only that his suit is not frivolous, but that a transcript is necessary to resolve the issues raised on appeal. *Cf. Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (applying § 753(f) in habeas case). Because we conclude that plaintiff failed to make this latter showing, we deny his motion for transcripts. We also conclude that the district court committed no reversible errors as to the issues that plaintiff adequately raised for our review, and that his brief on appeal provides no grounds for overturning the jury's verdict. We therefore exercise our jurisdiction under 28 U.S.C. § 1291 to affirm.

## I. Background

At all times relevant to this appeal, plaintiff was incarcerated at the Hutchinson Correctional Facility (HCF) in Kansas. Defendant Johnny Davis worked at HCF as a corrections officer. Cummings did not work at HCF, but served as the Secretary of Corrections designee for prison grievances in Topeka, Kansas. In February 2000, plaintiff filed this action pro se under 42 U.S.C.

§ 1983, complaining about the adequacy of the HCF law library and accusing several corrections officers, but not Davis or Cummings, of causing him to miss the deadline in his criminal case for filing a petition for a writ of certiorari in the United States Supreme Court. His claims against Davis and Cummings stem from events occurring after the case was filed. We follow the parties' lead in referring to these events as the "picnic area incident" and the "fan incident."

The picnic area incident occurred on April 9, 2001, when Davis reprimanded plaintiff for having his legal papers in an outdoor picnic area where the inmates' personal property was prohibited. Plaintiff had permission from a deputy warden, however, to review his legal documents outside and away from the cigarette smoke that permeated the inmate day room. The next day, April 10, plaintiff filed a formal grievance against Davis for what he believed was a spiteful reprimand in the picnic area. The fan incident took place seven weeks later, on May 30, and involved Davis's issuance of a disciplinary report against plaintiff. The report accused plaintiff of placing a fan in front of a fire exit in violation of prison policy. Plaintiff forcefully denied the charge. He argued that there was no such policy and that in any event he had not moved the fan. Ultimately, a disciplinary committee agreed with him and the report was dismissed.

These events led plaintiff, on June 18, 2001, to file a motion seeking to join Davis and Cummings as defendants in this action. He argued that Davis had

manufactured the fan incident and issued a false disciplinary report in order to retaliate against him for filing the April 10 grievance. And he claimed that Cummings had retaliated against him by failing to investigate the April 10 grievance among others. The district court granted plaintiff's motion, and he ultimately filed an amended complaint alleging First Amendment retaliation claims against Davis and Cummings based on these events.

In 2005, the district court dismissed the action entirely based on Eleventh Amendment and qualified immunity. On appeal, this court affirmed the judgment as to all claims, except the retaliation claims against Davis and Cummings, which the district court had overlooked in its order of dismissal. *Davis v. Bruce*, 129 F. App'x 406 (10th Cir. 2005). We remanded the case in order for the district court to address those claims. On remand, the district court appointed counsel to represent plaintiff, and the retaliation claims against Davis and Cummings ultimately went to trial in June 2008. At the close of plaintiff's case, Davis and Cummings filed an oral motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The court took the motion under advisement, and the trial ended in a hung jury. Defendants then renewed their motion under Rule 50(b).

On December 8, 2008, the court entered an order granting defendants' Rule 50(b) motion as to all claims, except the retaliation claim against Davis based on the fan incident. The court concluded that the evidence relating to Cummings

revealed that he had neither worked at HCF nor reviewed grievances at the facility level during the relevant time period. Consequently, even accepting plaintiff's claim that Cummings ignored his grievances, the court concluded there was no evidence that he did so with a retaliatory motive.

The court went on to conclude that much of the alleged retaliatory conduct underlying plaintiff's claims against Davis had already survived constitutional attack in the earlier appeal. It acknowledged that plaintiff's first trial had encompassed numerous additional retaliation claims against Davis, but the court concluded there was no evidence that Davis had personally participated in the alleged wrongdoing underlying those claims.[1] Only one claim–plaintiff's retaliation claim against Davis for issuing the fan disciplinary report–was found by the district court to be supported by evidence sufficient to warrant a retrial.

> The [fan] incident followed closely on the heels of plaintiff's grievance against defendant Davis for the picnic area incident. Defendant Davis knew that plaintiff filed a grievance against him for that incident. Based on the timing of the fan disciplinary report and the eventual dismissal of the disciplinary report because plaintiff had not violated any rules, the court finds that a reasonable jury could find that defendant Davis wrote plaintiff up in retaliation for plaintiff's April [10] grievance.

---

[1]    These additional retaliation claims were based on the following incidents: (1) the late-filing of plaintiff's petition for writ of certiorari; (2) prison transfers in 2000 and 2002; (3) plaintiff's lost mail in 2000; (4) allegedly false disciplinary reports against plaintiff in 2001; and (5) the loss of plaintiff's prison job in 2001.

R. Vol. 4 at 514-15.[2]  In ordering a retrial to resolve this single issue, the court

reiterated that "[t]he only claim remaining for trial is the First Amendment

Retaliation claim against defendant Davis for writing the May 30, 2001

disciplinary report for moving the fan." *Id.* at 518.

Following this order, Davis filed a motion in limine seeking to exclude any

evidence relating to dismissed claims as irrelevant and unnecessarily confusing to

the jury.  Specifically, he sought to exclude evidence relating to (1) all claims

against Cummings; (2) all due process claims; and (3) all of the previously

dismissed retaliation claims against Davis.  Plaintiff responded that evidence

concerning his dismissed claims was relevant to show the evolution of Davis's

retaliatory animus towards him.  He urged the court not to view the events of

April 10 and May 30 in a vacuum, arguing that they merely represented the

culmination of "[d]efendant's campaign of retaliation." *Id.* at 613.  On July 10,

2009, the court ruled against plaintiff and in favor of Davis, stating once again

that the trial would be limited to the sole issue of whether Davis's May 30, 2001,

---

[2]     The court held that plaintiff's due process claims were insufficient as a
matter of law because he had failed to show a constitutional deprivation under
*Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In that case, the Supreme Court
held that state-created liberty interests protected by the due process clause
generally are limited to restraints on prisoners that impose an "atypical and
significant hardship on the inmate in relation to the ordinary incidents of prison
life." *Id.*  Even affording plaintiff's appellate brief a liberal construction, we
discern no argument concerning how the acts complained of constituted an
atypical and significant hardship.  Thus, there is no basis to overturn the district
court's dismissal of his due process claims.

disciplinary report was issued in retaliation for plaintiff's April 10 grievance. But the court was careful to advise the parties that its relevance determination was not static, stating that its order would not "preclude the admissibility of the excluded evidence if it otherwise be[came] relevant at trial." *Id.* at 699 (citing *Turley v. State Farm Mut. Auto, Ins. Co.*, 944 F.2d 669, 673 (10th Cir. 1991)).

The jury in the second trial found in favor of Davis, concluding that the fan disciplinary report was not issued in retaliation for plaintiff's grievance. After the verdict, plaintiff's counsel withdrew from the case, and plaintiff filed a pro se motion for a new trial, which the district court denied by order dated November 23, 2009. This appeal challenges that order, as well as the partial grant of the defendants' Rule 50(b) motion.

## II. Discussion

Plaintiff's oversized, prolix brief presents a multitude of overlapping arguments that are unfocused and illogically presented. As a pro se litigant, he is, of course, entitled to a liberal construction of his papers. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). But "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks omitted). Accordingly, while we have attempted to decipher the kernel of the arguments that plaintiff wishes to present on appeal, we cannot assume the role of his advocate and assert

arguments that he failed to raise or sufficiently develop for review. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). So guided, we construe plaintiff's brief as asserting two main arguments. First, he challenges the legal bases for the district court's partial dismissal under Rule 50(b). Second, he claims that the district court abused its discretion during the second trial in excluding evidence relevant to his single remaining retaliation claim.

## A. Rule 50(b) Ruling

Plaintiff's challenges to the district court's decision on defendants' renewed Rule 50 motion are strictly legal and can be resolved without resort to a trial transcript. First, he contends the district court erred in granting the motion because it included grounds beyond the scope of the Rule 50(a) motion that defendants made orally at the close of plaintiff's case. He is correct that "[a] renewed motion under Rule 50(b) cannot assert grounds for relief not asserted in the original motion." *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 738-39 (10th Cir. 2007). This restriction, however, is subject to waiver if the non-moving party fails to raise it before the district court. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1076 n.3 (10th Cir. 2002) ("When the non-moving party fails to raise the inadequacy of a Rule 50(a) motion in opposition to a Rule 50(b) motion, that party cannot raise waiver as an argument on appeal."). We have carefully reviewed plaintiff's opposition brief to defendants' Rule 50(b) motion (R. at 406-24), as well as his supplemental brief

(*id.* at 431-34), both of which were submitted by counsel.  Nowhere did he argue to the district court that defendants' Rule 50(b) motion asserted new grounds not contained in the original.  Plaintiff has therefore forfeited this argument by failing to raise it below.

Plaintiff also challenges the district court's decision dismissing his retaliation claims against Cummings for lack of evidence of a retaliatory motive and dismissing his due process claims based on the finding that he did not suffer a constitutional deprivation under *Sandin*.  We review these rulings de novo to ensure that the evidence before the district court, viewed in the light most favorable to plaintiff, revealed no legally sufficient basis to find in his favor.  *See Burrell v. Armijo*, 603 F.3d 825, 832 (10th Cir. 2010).  Having reviewed the briefs, the record, and the applicable law, we conclude that plaintiff has not shown any reversible error as to these rulings.  We therefore affirm the adjudication of the claims against Cummings and the due process claims against both defendants for substantially the same reasons given by the district court in its Memorandum and Order, dated December 8, 2008.

## B.  Exclusion of Evidence

Plaintiff's arguments concerning the district court's evidentiary rulings present a closer question regarding the usefulness of a trial transcript. Evidentiary rulings made during the course of trial are entitled to great deference, consonant with the "district court's familiarity with the details of the case and its

greater experience in evidentiary matters." *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1083 (10th Cir. 2010) (internal quotation marks omitted). To win an evidentiary argument on appeal, the appellant must show that the district court abused its discretion in excluding proffered evidence. In such cases, we are often directed to the trial transcript, to the place where the evidence was offered and excluded, and we have no problem concluding that a transcript is sometimes necessary in order to determine whether an abuse of discretion occurred.

In this case, however, plaintiff does not specify the nature of the excluded evidence or explain how and when he sought to offer such evidence at trial. Instead, he mounts only a general attack on the district court's pretrial decision to limit the scope of the second trial. And he does this without so much as identifying any particular ruling. Under these circumstances, we conclude that plaintiff's brief fails to adequately frame and develop an evidentiary issue for appellate review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented in an appellant's opening brief"). It follows that he also has failed to show entitlement to a free copy of the transcript of his second trial.

We reach this conclusion mindful of plaintiff's pro se status and only after dutifully searching his brief for a definitive challenge to a specific evidentiary ruling. Having found none, we can only speculate as to the nature of the allegedly excluded evidence. But our curiosity hardly justifies the preparation of

-10-

a trial transcript, much less a scavenger hunt to determine whether the district court abused its discretion in excluding unspecified relevant evidence. In sum, plaintiff has forfeited any challenge that he may have had concerning the district court's exclusion of evidence at his second trial, and his brief on appeal provides no other basis to overturn the jury's verdict.

### III.  Conclusion

The judgment of the district court is AFFIRMED, and plaintiff's Renewed Motion For Transcripts is DENIED.  Plaintiff's motion to proceed on appeal *in forma pauperis* is GRANTED.

Entered for the Court

Michael R. Murphy
Circuit Judge